IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARY E. BAKEWELL, | ) Civil No.: 3:10-cv-01525-JE |
| | ) |
|        Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION/ORDER |
|        v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        Defendant. | ) |
| _____ | ) |

Tim Wilborn
Wilborn Law Office, P.C.
PO Box 2768
Oregon City, OR 97045

    Attorney for Plaintiff

S. Amanda Marshall, U.S. Attorney
Adrian L. Brown, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204

FINDINGS AND RECOMMENDATION/ORDER – 1

Kathryn Ann Miller
Special Asst. U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221 A
Seattle, WA 98104-7075

 Attorneys for Defendants

JELDERKS, Magistrate Judge:

 Following her successful challenge to a final decision of the Commissioner of Social Security finding that she was not disabled, Plaintiff Mary Bakewell seeks an award of attorney fees in the amount of at least $5,055.16 and costs in the amount of $350.00. In her memorandum in support of her application for attorney fees, Plaintiff also briefly argues that if the court should conclude that the government acted in bad faith, it should award fees at the market rate of at least $768.76 per hour. In her Reply, Plaintiff advances her bad faith argument and contends that the court should award attorney fees in the amount of $21,448.40 if it concludes that the government's actions amounted to bad faith.

 Plaintiff's application to recover attorney fees should be granted in part and denied in part, and an Order should be entered awarding fees in the amount $5,055.15 and costs in the amount of $350.00.

 Defendant's motion to file a sur-reply is also pending, and is denied.

## Background

 Plaintiff filed an application for disability benefits on March 6, 2003, alleging that she had been disabled since May 19, 2002. In a decision filed on June 26, 2006, ALJ Madden found that Plaintiff was not disabled within the meaning of the Act. That decision became the final

FINDINGS AND RECOMMENDATION/ORDER – 2

decision of the Commissioner on July 5, 2007, when the Appeals Council denied Plaintiff's request for review.

Plaintiff appealed the denial of her application for benefits to the United States District Court for the District of Oregon. On September 17, 2008, the Honorable Anna J. Brown entered an Opinion and Order affirming the Agency's decision. Plaintiff appealed to the Ninth Circuit Court of Appeals. On January 4, 2010, the Ninth Circuit ruled that the ALJ predicated his conclusion that Plaintiff was not disabled on an erroneous factual finding that Plaintiff's migraines were not a severe impairment and committed legal error by ignoring the findings of Plaintiff's examining physician, Dr. Roberts regarding limitations on Plaintiff's repetitive use of her hand. The Ninth Circuit reversed and remanded "with directions to reassess Bakewell's claim consistent with this disposition."

While the current case was pending appeal, Plaintiff reapplied for benefits with an amended alleged onset date of July 30, 2007 and received a favorable disability determination for the period of time starting from that date and going forward.

After remand from the Ninth Circuit, in a decision dated August 18, 2010, ALJ Madden found that Plaintiff was not disabled during the period of May 19, 2002 to July 30, 2007. Plaintiff again brought an action challenging the Commissioner's denial of her application for disability insurance benefits. In a Findings and Recommendation filed on August 9, 2012, I recommended that the Commissioner's decision be reversed, and that the action be remanded to the Social Security Administration for an award of benefits. The Honorable Anna J. Brown adopted that recommendation and entered a judgment on September 6, 2012 granting Plaintiff the relief requested.

FINDINGS AND RECOMMENDATION/ORDER – 3

Plaintiff now seeks an award of attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412 et seq.  The United States opposes Plaintiff's bad faith claim for market rate fees and objects to Plaintiff's claim for certain attorney fees, even at the statutory rate, for what it characterizes as "clerical and secretarial tasks."

## Discussion

I. **Plaintiff's Application for Attorney Fees**

A. **Standards**

Under certain circumstances, a party that prevails against the United States in a civil action is entitled to recover attorney fees, costs and expenses pursuant EAJA.  A prevailing party may recover attorney fees only if the position of the United States was not "substantially justified."  28 U.S.C. § 2412(d)(1).

The United States bears the burden of establishing that its position in litigation in which it has not prevailed was "substantially justified."  E.g., Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).The government may meet that burden by establishing that its position was "'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted).  In order to be "substantially justified," a position must have a reasonable basis in both law and fact.  Id.  In determining whether the government's position was reasonable, a reviewing court must ascertain "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court."  Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

FINDINGS AND RECOMMENDATION/ORDER – 4

The hourly rate at which attorney fees may ordinarily be recovered by a prevailing plaintiff under EAJA is limited by statute. 28 U.S.C. § 2412(d)(2)(A)(ii). However, under 28 U.S.C. § 28 U.S.C. 2412(b) a prevailing plaintiff may recover attorney fees at "market rates" in cases where the government has acted in "bad faith." Brown v. Sullivan, 916 F.2d 492, 495 (9th Cir. 1990). This "bad faith" exception is punitive. Beaudry Motor Co. v. Abko Prop., 780 F.2d 751, 756 (9th Cir. 1986). It is a narrow exception, and applies only where the government has engaged in "vexatious, wanton, or oppressive conduct," and a greater recovery is required "for dominating reasons of justice." Brown, 916 F.2d at 495 (citation omitted).

B. **Analysis**

1. **Plaintiff's Claim for Market Rate Fees Based Upon Alleged "Bad Faith"**

As noted above, Plaintiff contends she is entitled to recover attorney fees in the amount of $21,448.40 because the government has acted in bad faith. This amount is based upon 27.9 hours of work by her attorney at a rate of $768.76 per hour.

In her opening memorandum in support of her petition for attorney fees, Plaintiff argues that the ALJ's refusal to comply with the Ninth Circuit Court of Appeals' remand order meets the standard of "vexatious, wanton or oppressive conduct," thus warranting an award of attorney fees at the market rate. In her Reply, Plaintiff expands her bad faith argument to include allegations that the Commissioner's attorney made false assertions to the court in previous related proceedings, leading the court to issue a "factually incorrect" order.

Plaintiff's arguments are not well taken. This court concluded that the ALJ's disability determination after remand was not supported by substantial evidence and, as discussed below, concludes that the government's position in defending this determination was not substantially justified. However, neither the government's positions in this matter nor Plaintiff's allegations

against the Commissioner's attorney establish that there was anything "vexatious, wanton or oppressive" about the government's conduct that would support the imposition of punitive "market rate" attorney fees.

2. **Plaintiff's Entitlement to Recover Ordinary EAJA Fees**

As noted above, the government bears the burden of establishing that its position in litigation in which it has not prevailed was "substantially justified."  My recommendation that this action be remanded for an award of benefits was based upon my conclusion that the ALJ failed to provide the support required to discredit Plaintiff's testimony, failed to provide the support required to reject the opinion of one of Plaintiff's examining physicians and failed to include all of Plaintiff's limitations in the vocational hypothetical posed to the Vocational Expert and that the ALJ's determination that Plaintiff's migraines would not cause her to miss two or more days of work per month was not supported by substantial evidence.

I have carefully reviewed the parties' contentions here, and have again reviewed both the memoranda filed in the underlying action and my Findings and Recommendation.  Based upon that review, I conclude that the government's position in this action was not "substantially justified," as that term is applied in determining whether a prevailing plaintiff is entitled to recover EAJA fees.  In the absence of providing any basis for discounting the examining physician's opinion, the absence of a proper basis for discounting Plaintiff's own credibility, the absence of a vocational hypothetical supported by the record and the absence of substantial evidence supporting the ALJ's conclusions regarding Plaintiff's migraines, the government's conclusion that Plaintiff was not disabled was not substantially justified.

In its Response, the government asserts that its "only objections" to Plaintiff's fees are to Plaintiff's bad faith claim and to Plaintiff's counsel "inappropriately" billing clerical tasks at

attorney rates. The government asserts that tasks "such as drafting the complaint, preparing documents for service and reviewing returns of service, and reviewing the 'wrong' court order" are not compensable under the EAJA. The government offers no further specificity as to which particular entries it finds objectionable or indicates by how much it believes the court should reduce the amount of attorney fees awarded to Plaintiff.

The government correctly notes that costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable. See <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n. 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them."); <u>Frevach Land Co. v. Multnomah County</u>, 2001 WL 34039133 at *12 (D. Or. Dec.18, 2001) (inappropriate "to bill a client or to seek fees under a fee-shifting statute, for purely secretarial tasks"); <u>Gough v. Apfel</u>, 133 F. Supp. 2d 878, 881 (W.D.Va. 2001)("[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees"). However, I disagree that any of the tasks referred to by the government are purely clerical in nature. See <u>Sterling Savings Bank v. Sequoia Crossing, LLC</u>, 2010 WL 3210855 at *7 (D. Or. August 11, 2010) ("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents."(citations omitted)) .

I have reviewed Plaintiff's counsel's time records, and am satisfied that both the hourly rates sought and the number of hours for which compensation is requested are appropriate. I therefore recommend that Plaintiff recover attorney fees in the amount of $5,055.16 and costs in the amount of $350.00.

FINDINGS AND RECOMMENDATION/ORDER – 7

3. **Motion for Sur-Reply**

As noted above, the government has filed a motion requesting permission to file a sur-reply to address Plaintiff's assertion, in her Reply, that the ALJ engaged in bad faith. As I have already concluded that the Plaintiff should not prevail on her bad faith argument, the government's motion is denied as moot.

**Conclusion**

Plaintiff's application to recover attorney fees (#25) should be GRANTED to the extent that Plaintiff is entitled to recover $5,055.16 in attorney fees and $350.00 in costs and DENIED as to the balance of the $21,448.40 that Plaintiff requests.

Defendant's motion to file a sur-reply (#30) is DENIED.

**Scheduling Order**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 28, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of January, 2013.

    /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION/ORDER – 8